**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-1614 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| MORANDO BERRETTINI and RALPH J. PIRTLE, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The SEC brings an insider trading action against Defendants. Before the Court are the SEC's six motions *in limine* [173], which the Court grants in part, denies in part, and reserves ruling in part.

**I.      Background**

The background of this insider trading case, knowledge of which is assumed, is set forth in the Court's Opinion and Order [135] denying Defendants' motions for summary judgment.

**II.     Legal Standard**

A motion *in limine* is a motion "at the outset" or one made "preliminarily." BLACK'S LAW DICTIONARY 803 (10th ed. 2014). The power to rule on motions *in limine* inheres in the Court's role in managing trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Motions *in limine* may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that, when used properly, the motions may sharpen

the issues for trial). The party seeking to exclude evidence has the burden of demonstrating that the evidence would be inadmissible for any purpose. *Robenhorst v. Dematic Corp.*, 2008 WL 1766525, at *2 (N.D. Ill. Apr. 14, 2008).

Because motions *in limine* are filed before the Court has seen or heard the evidence or observed the trial unfold, rulings *in limine* may be subject to alteration or reconsideration during the course of trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989); see also *Luce*, 469 U.S. at 41–42 ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). In addition, if the *in limine* procedural environment makes it too difficult to evaluate an evidentiary issue, it is appropriate to defer ruling until trial. *Jonasson*, 115 F.3d at 440 (delaying until trial may afford the judge a better opportunity to estimate the evidence's impact on the jury).

## III. Analysis

The SEC moves *in limine* to exclude (1) statements about unrelated SEC cases and matters, (2) statements about the SEC's investigation and charging decisions, (3) statements suggesting that a pre-suit investigation increases the burden of proof, (4) statements about any putative adverse impact, (5) statements about any purported ink analysis, and (6) statements about Defendants' health conditions. The Court examines each motion in turn.

### A. Motion *In Limine* No. 1 to Exclude Statements About Unrelated SEC Cases and Matters

The SEC moves to exclude any statements or suggestions to the jury (1) about the SEC's handling of any other case, duty, or responsibility and (2) that the SEC's evidence is entitled to less weight because of any perceived failures by the SEC in other areas. Defendants do not object to either point. Accordingly, the Court grants the SEC's motion with respect to these two issues.

In their response, however, Defendants raise a new concern—that they should be able to introduce evidence of changes in the SEC's pleadings and discovery responses to undermine its credibility. Based on the briefing, it remains unclear to the Court what exact evidence Defendants intend to use and in furtherance of what argument. Accordingly, the Court reserves ruling on this issue and will address it first at the upcoming pre-trial conference and later at trial if necessary. Absent further guidance from the Court, Defendants are directed to flag in advance or at sidebar any use that they seek to make of the SEC's pleadings and/or discovery responses so that the Court may consider the issue outside the presence (or at least earshot) of the jurors.

## B. Motion *In Limine* No. 2 to Exclude Statements About the SEC's Investigation and Charging Decisions

The SEC moves, in part, to bar (1) statements about the SEC's charging decisions or (2) arguments that the SEC engaged in a bad faith decision to bring the case. Because Defendants do not contest either point, the Court grants the SEC's motion with respect to these two issues. A related issue raised in the briefs pertains to the SEC's motion to bar statements about the length and depth of the SEC's investigation and the Defendants' suggestion that they may wish to present evidence to rehabilitate a witness whom the SEC has impeached with prior inconsistent statements. Since the briefing was completed, the parties have filed a "Supplemental Statement Regarding Conduct of Trial" [186] that reflects their agreement on the general subject matter of this motion in limine. In light of that stipulation, the Court will reserve ruling on any finer points related to the implementation of the stipulation or matters at the margins of this subject that may not be fully covered by the stipulation.

**C.    Motion *In Limine* No. 3 to Exclude Statements Suggesting that a Pre-Suit Investigation Increases the Burden of Proof**

The SEC moves to exclude statements suggesting that a pre-suit investigation increases the SEC's burden of proof. Defendants do not object. Accordingly, this motion is granted.

**D.    Motion *In Limine* No. 4 to Exclude Statements About Any Putative Adverse Impact of the SEC's Investigation or Lawsuit on Defendants' Personal Lives**

The SEC moves to exclude statements about any adverse impact that the SEC's investigation or lawsuit may have had on the personal lives, reputation or business of the Defendants. Berrettini argues that during trial, he may be "anxious, frustrated, upset and distraught" and that he "may display these emotions from the defense table or from the witness chair." [158] at 3. He argues that he should be able to introduce evidence regarding the effect of the SEC's investigation and lawsuit to explain this demeanor.

The Court agrees with the SEC that such evidence offers little if any probative value of the question of Berrettini's liability or non-liability. *See* Fed. R. Evid. 401; *SEC v. Steffes*, 10-cv-6266 (N.D. Ill. 2014), [261] at 4; *SEC v. Moran*, 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995). Furthermore, any probative value that such evidence theoretically may have is substantially outweighed by the risk of wasting time, confusing the issues, and evoking sympathy—none of which are valid bases for offering evidence or testimony. Accordingly, this evidence is inadmissible under Rule 403. Fed. R. Evid. 403. Finally, the Court reminds the parties of its Standing Order on Trial Conduct, which provides that "[a]ll persons at counsel table should avoid reactions, facial expressions, and other expressions, verbal or non-verbal, that might be observed by the jury." Standing Order on Trial Conduct and Procedures for All Trials Before Judge Dow, at ¶ 14.

**E.      Motion *In Limine* No. 5 to Exclude Statements About Any Purported Ink Analysis**

The SEC's fifth motion *in limine* addresses Ezio Berrettini's notes and the alleged promissory notes between Defendants, both of which Defendants plan to introduce. The SEC may argue that these notes were fabricated in response to the SEC investigation. Assuming that it does, the SEC moves to bar statements that it should have subjected Ezio's notes or the promissory notes to ink analysis that would date when the notes were written. The SEC explains that it conducted no such testing because after consulting with "highly sophisticated experts in the Executive Branch about available ink technology," it learned that "it is not possible to determine when ink was applied to a piece of paper." [173] at 13. Defendants counter that such technology does exist and point to several cases involving ink analysis. In reply, the SEC argues that "whatever the merits of the ink analysis from those cases, the simple reality is that neither side is offering expert testimony here" and that the trial should not devolve into a side-debate about whether such testing is available and scientifically valid. [164] at 9.

The availability and absence of ink-testing conceivably could bear on the persuasiveness of the SEC's claim that the notes were fabricated after the investigation began. Accordingly, the Court denies the SEC's motion. Provided that they have a witness (or witnesses) competent to testify to the subject matter and subject to the full panoply of evidence rules (i.e., hearsay), the parties may present to the jury their dispute over whether ink testing was or could have been done. For example, Defendant or defense counsel may ask whether the notes were subjected to ink analysis and, if not, why not. The Court anticipates, however, that any such testimony would be extremely brief (given that no experts will be testifying as to this matter). In other words, the point may be made, but not belabored. A side-trial on the merits of ink-testing will not be

permitted, as it would waste time and risk distracting the jury or confusing the issues.  See Fed. R. Evid. 403.

### F.      Motion *In Limine* No. 6 to Exclude Statements About Defendants' Health Conditions

In its sixth motion *in limine*, the SEC moves to bar statements about Defendants' health. Berrettini objects, arguing that he "has a potential medical condition that may impact his demeanor and his testimony" or create "communication limitations."  [158] at 4.  He argues that the Court therefore should permit him to explain his conditions to the jury.

Evidence of Defendant Berrettini's medical conditions is highly unlikely to help the jury assess his credibility or determine whether he committed insider trading.  See Fed. R. Evid. 401. In all likelihood, its probative value would be substantially outweighed by the risk of distracting the jury or prejudicially appealing to its emotions.  Fed. R. Evid. 403.  Accordingly, the Court grants motion *in limine* no. 6, with the caveat that, like all pre-trial rulings, this ruling may be reconsidered in the event that anything extraordinary relating to Defendant's health arises during the course of trial.  *Connelly*, 874 F.2d at 416.

## IV.    Conclusion

For the foregoing reasons, the Court grants in part and denies in part the SEC's motions [173] and reserves ruling in part.  The Court will further discuss these rulings and other trial-related issues at the pre-trial conference set for this Friday, July 17 at 10:30 a.m.

Dated: July 14, 2015

_____
Robert M. Dow, Jr.
United States District Judge